**In re DONALD SHELDON
& CO., INC., Debtor.**

Donald Sheldon, Defendant–Appellant,

v.

**Don L. Horwitz, Trustee for the Liquidation of Donald Sheldon & Co., Inc., Plaintiff–Appellee.**

**Docket No. 00–5068.**

United States Court of Appeals,
Second Circuit.

March 22, 2002.

Earle Giovanniello, New Haven, CT, for Appellant.

No appearance entered for Appellee.

Present CARDAMONE, PARKER and B.D. PARKER, Jr., Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the appellant's petition for habeas corpus be and it hereby is DISMISSED as moot.

Donald Sheldon appeals from the denial of his petition for habeas corpus in the Southern District of New York. *In re Donald Sheldon & Co., Inc.* No. 97 Civ. 8235(RO), 2000 WL 1400884 (S.D.N.Y. Sept.25, 2000). Sheldon originally entered his petition in the Eastern District of New York seeking release from confinement pursuant to the Southern District's finding of civil contempt for his failure to produce documents in his underlying bankruptcy case. *Id.* at *1. After a tortured procedural history, the Eastern District of New York ordered Sheldon released pending resolution of his petition and transferred the matter to the Southern District of New York. The Southern District denied his petition. *Id.* Since the filing of the original petition, the underlying proceedings in bankruptcy have closed and Sheldon has been released pursuant to an order of this Court.

28 U.S.C. § 1826 instills in the courts the power to detain a witness who refuses to testify until the witness produces the requested testimony or other information. The statute specifically provides, however, that "[n]o period of such confinement shall exceed the life of ... the court proceeding ... before which such refusal to comply with the court order occurred." 28 U.S.C. § 1826(a). In this case, the court proceeding before which Sheldon refused to produce requested documents closed on December 6, 2000. As of that date, therefore, the court no longer had the power to confine Sheldon for his contempt. Furthermore, this Court ordered Sheldon's release according to Rule 23(b)(3) of the Federal Rules of Appellate Procedure on December 5, 2000. As Sheldon has not been incarcerated since that time, and as there can be no outstanding order to incarcerate him pursuant to the closed bankruptcy proceeding, he may no longer assert a habeas petition under 28 U.S.C. § 2241, the basis of his claim, which limits the court's ability to grant the writ of habeas to cases in which the petitioner is presently in custody. *See* 28 U.S.C. § 2241(c).

For the reasons set forth above, Sheldon's petition for habeas corpus is DISMISSED as moot.